No. 647 July 8, 2026 387

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

HEALTHY DECISIONS, LLC,
a Nevada limited liability company,
*Plaintiff-Appellant,*

*v.*

DeWayne LUMPKIN,
an individual dba DeWayne Lumpkin Design Studio,
*Defendant-Respondent,*

*and*

Carl JOHNSON,
individually and as trustee for the Carl Johnson Trust,
*Defendant.*

Josephine County Circuit Court
21CV37020; A186963

Matthew G. Galli, Judge.

Argued and submitted June 2, 2026.

Jon W. Monson argued the cause for appellant. Also on the opening brief were James T. Plunkett and Cable Huston LLP. Also on the reply brief was Cable Huston LLP.

DeWayne Lumpkin argued the cause and filed the brief *pro se.*

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Plaintiff appeals from a judgment granting defendant's ORCP 21 motion to dismiss his claim under Oregon's Unfair Trade Practices Act (UTPA). Plaintiff contends that the trial court erred in concluding that the UTPA does not extend to commercial transactions. We agree and reverse.

A motion to dismiss under ORCP 21 is reviewed for failure to state a claim as a matter of law. *Strizver v. Wilsey*, 210 Or App 33, 35, 150 P3d 10 (2006), *rev den*, 342 Or 474 (2007) (citing *Granewich v. Harding*, 329 Or 47, 51, 985 P2d 788 (1999)). "We assume the truth of all allegations in the pleading and view the allegations, as well as all reasonable inferences, in the light most favorable to the nonmoving party." *Id*.

According to plaintiff's complaint, it hired defendant to facilitate the conversion of a property from a bank/bookstore into a community gathering space that would include a shipping business, florist, and lounge. Plaintiff was under the impression that defendant was a licensed and insured construction contractor but later learned that he was not. Plaintiff was denied a liquor license due to the involvement of defendant, and plaintiff was unable to open the business.

Plaintiff brought contract, tort, and statutory claims against defendant. As relevant to this appeal, plaintiff brought a statutory UTPA claim, alleging that defendant misrepresented his contractor licensure status. Defendant moved to dismiss that claim arguing that the UTPA applies only to "consumer transactions" and "cannot be asserted by a business." The trial court agreed and dismissed the claim while the other claims moved forward. After the trial court issued its decision on the UTPA claim but before the remainder of the case had resolved, we issued a decision in *Providence Health & Services-Oregon v. Mancuso*, 323 Or App 573, 585-87, 524 P3d 973 (2023), that rejected the trial court's view of the UTPA. In *Providence Health*, we concluded that a plaintiff "is not barred from bringing a UTPA action simply because it is a corporation and not a consumer." *Id*. at 587.

On appeal, plaintiff contends that the trial court's decision is incorrect in light of *Providence Health*. Defendant

does not defend the trial court's decision on the merits but rather contends that plaintiff's argument is unpreserved because it did not oppose the motion to dismiss or file a motion to reconsider the trial court's decision. However, plaintiff did oppose the motion to dismiss, and a party does not typically have an obligation to file a motion for reconsideration after it has lost an issue in order to preserve a claim of error. *See Fay and Fay,* 251 Or App 430, 441, 283 P3d 945 (2012) (recognizing a lack of authority to support the contention that a party is required to move for reconsideration once it has lost a motion on the merits). Plaintiff also points out that a federal district court stated that the UTPA is limited to consumer transactions in *Schoene v. Christensen*, No. 3:23-CV-00693-AN, 2024 WL 1052681 (D Or Mar 11, 2024), *aff'd*, 24-2317, 2026 WL 120829 (9th Cir Jan 16, 2026). However, *Schoene* does not discuss or even acknowledge *Providence Health*, rendering it unclear whether the district court grappled with that decision, and, in any event, we are not bound by decisions from the District of Oregon. *See Mears v. Marshall*, 138 Or App 476, 478, 909 P2d 212 (1996) (noting we are not bound by the decisions of lower federal courts).

Finally, defendant contends that the UTPA claim must necessarily fail based on the determinations made by a jury on the non-UTPA claims that proceeded to trial. It appears that several of the findings made by the jury could be relevant to the trial court in evaluating the UTPA claim,[1] an argument defendant is free to make on remand.

Reversed and remanded.

---

[1] Even if we were inclined to review that argument on appeal in the first instance, that endeavor would be hampered by the lack of a transcript of the trial proceedings.